HAROLD R. DeMOSS, JR., Senior Circuit Judge,
dissenting, joined by JONES and SMITH, Circuit Judges.
I concur in Section TV, part B of the majority opinion, which reverses the jury’s punitive damages award. I further concur completely in Judge Jolly’s dissent. I write separately to express my dissent to the majority’s decision to remand to the district court to determine whether the evidence is sufficient to support the jury’s compensatory damages award.
The jury awarded $200,000 in compensatory damages and $250,000 in punitive damages. These two damage awards totaled an aggregate of $450,000, which exceeds the statutory limit on damages of $300,000 by $150,000. See 42 U.S.C. § 1981a(b)(3)(D). The district judge thus faced the issue of reducing these awards to comply with the statutory limit. The statute offers no guidance as to how a court should reduce an award to comply with the statutory cap. A review of the relevant case law further reveals no established method for reducing an award to comply with the statutory cap. Thus, a number of options are available to a district court when reducing damage awards to comply with the statutory cap. For example, the district court could evaluate the sufficiency of the evidence supporting the damage awards and reduce the awards on the strength or weakness of such evidence. If the district court finds that the damage awards are both supported by the evidence, then the district court could reduce each award by $75,000, which would represent one-half of the $150,000 excess. The district court could also reduce the compensatory damage award by 4/9ths of $150,000, and reduce the punitive damage award by 5/9ths of $150,000, which results in a proportionate distribution of $150,000, the amount exceeding the statutory cap. In this case, the district court’s order reducing the damage awards to comply with the statutory cap does not expressly state how or why it reduced only the compensatory damages award from $200,000 to $50,000.
The majority opinion concluded that the evidence in this case does not support the jury’s punitive damages award. The majority opinion remanded the issue of the sufficiency of the compensatory damages award to the district court for reconsideration. I respectfully dissent from such conclusion. First, neither party has raised an issue as to the correctness of the district court’s entry of $50,000 as the quantity of compensatory damages. Secondly, as noted by the majority, the district court has already indicated that the evidence supporting the jury’s compensatory damages award of $200,000 was not supported by the evidence. The mere fact that a majority of this court has reversed the error of the district court in ordering the jury’s award of punitive damages should not, in my opinion, allow the district court to redetermine the award of compensatory damages.